# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR CASILLAS,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF CORRECTIONS,<br><br>Respondent. | Case No. 1:17-cv-00511-LJO-SKO HC<br><br>FINDINGS AND RECOMMENDATION THAT THE COURT DENY PETITIONER'S MOTION FOR STAY AND ABEYANCE<br><br>(Doc. 2) |

Petitioner Omar Casillas is a state prisoner who seeks to proceed with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In a separate motion filed concurrently with the habeas petition, Petitioner moves for an order of stay and abeyance to permit exhaustion of state court remedies.

**I.**     **Exhaustion of State Remedies**

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Buffalo v. Sunn*, 854 F.2d 1158, 1163 (9th Cir. 1988).

1

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. *Duncan*, 513 U.S. at 365; *Kenney v. Tamayo-Reyes*, 504 U.S. 1, 8 (1992).

## II. Grounds Alleged for Federal Habeas Relief

As grounds for federal habeas relief, the petition alleges two claims of ineffective assistance of trial counsel, one claim of trial court error in failing to appoint counsel to represent Petitioner in his new trial motion, and one claim of ineffective assistance of appellate counsel. None of these claims are alleged in specific terms. Claims one, two, and four state only: "Ineffective assistance of [trial or appellate] counsel, within the meaning of the 5th, 6th, and 14th Amendment[s] to the U.S. Constitution."

As supporting facts for each of the first three claims, the petition refers to the opinion of the California Court of Appeals (Exhibit B) and the Petition for Review to Exhaust State Remedies, which Petitioner submitted to the California Supreme Court (Exhibit C). Among other claims, these state documents allege: (1) ineffective assistance of trial counsel by failing to move to dismiss count four (possession of a firearm by a felon) pursuant to California Penal Code § 1387; (2) ineffective assistance of trial counsel by failing to object to the trial court's instruction on a lesser included count of felony false imprisonment following argument that the only lesser included crime instruction would address simple false imprisonment; and (3) the trial court's failure to appoint counsel to present Petitioner's claims of ineffective assistance of counsel in his new trial motion following conviction. To the extent that Petitioner intends the three claims raised in his

2

direct appeal to be the first three claims in the habeas petition, these claims have been addressed by the state court and are exhausted for purposes of appeal.

The fourth claim, alleging ineffective assistance of appellate counsel, is set forth in Petitioner's state habeas petition, which was filed in the Kern County Superior Court on March 1, 2017. The claim alleges that Petitioner's appointed appellate counsel "refused to file a supp[l]ement[al] opening brief or/and a 'Companion Habeas Corpus' along with the direct appeal." Doc. 1 at 161. Because the California Supreme Court has not yet had an opportunity to address this claim, the claim of ineffective assistance of appellate counsel is not exhausted.

### III. Standards for Granting an Order of Stay and Abeyance

A federal district court may not address a petition for writ of habeas corpus unless the petitioner has exhausted state remedies with respect to each claim raised. *Rose*, 455 U.S. at 515. A petition is fully exhausted when the highest state court has had a full and fair opportunity to consider all claims before the petitioner presents them to the federal court. *Picard*, 404 U.S. at 276. "[P]etitioners who come to federal courts with 'mixed' petitions run the risk of forever losing their opportunity for federal review of the unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 275 (2005).

Federal district courts should stay mixed petitions only in limited circumstances. *Id.* at 277. A district court may stay a mixed petition if (1) the petitioner demonstrates good cause for failing to have first exhausted all claims in state court; (2) the claims potentially have merit; and (3) petitioner has not been dilatory in pursuing the litigation. *Id.* at 277-78.

In the alternative, a court may stay a mixed petition if (1) the petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner to proceed to exhaust the deleted claims in state court; and (3) petitioner later amends his petition and reattaches the newly exhausted claims to the

3

original petition. *Kelly v. Small*, 315 F.3d 1063, 1070-71 (9th Cir. 2003). The *Kelly* procedure is riskier than the *Rhines* procedure since it does not protect the petitioner's unexhausted claims from expiring during the stay. *King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009). Despite the risk of the unexhausted claims becoming time-barred in the course of the *Kelly* procedure, a petitioner may elect to use that alternative since it does not require a demonstration of good cause as is required by *Rhines*. *King*, 564 F.3d at 1140.

Because Petitioner's motion specifically requests that the Court enter an order of stay and abeyance pursuant to *Rhines*, the Court will analyze the motion using the criteria set forth in *Rhines*.

## IV.     Unexhausted Ground Four Lacks Merit

As set forth above, the fourth ground for habeas relief alleges ineffective assistance of appellate counsel, based on appellate counsel's failure (1) to prepare a companion habeas corpus petition and (2) to file Petitioner's supplemental opening brief. Neither portion of this claim has merit.

### A.     No Constitutional Right to Habeas Counsel

Petitioner contends that appellate counsel provided ineffective assistance by failing to provide a companion habeas petition in addition to the direct appeal. This claim is not a cognizable claim in a federal habeas proceeding. Prisoners have no federal constitutional right to appointed counsel in collateral proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). "[T]he right to appointed counsel extends to the first appeal of right, and no further." *Id.* In the absence of a federal constitutional claim, the Court cannot consider this portion of Petitioner's fourth ground for habeas relief.

///

///

4

///

## B. Counsel's Failure to File Supplemental Brief

### 1. Procedural and Factual Background

On October 14, 2014, Petitioner attempted to file a document entitled "Appellant's Supplemental Opening Brief" in his then-pending direct appeal to the California Court of Appeal. Doc. 1 at 173-192. The Clerk of Court refused filing and wrote to Petitioner:

> The court has directed me to return your "APPELLANT'S SUPPLEMENTAL OPENING BRIEF" RECEIVED ON October 14, 2014, with this letter.
>
> This is because you do not have either a constitutional or statutory right to argue your case on appeal. Furthermore, because you have appellate counsel. That attorney has the exclusive right to appear on your behalf as long as fundamental rights are not denied. (*People v. Mattson* (1959) 51 Cal.2d 777.)
>
> If you wish to pursue claims of ineffective assistance of appellate counsel, your remedy is to file a petition for writ of habeas corpus with the trial court once the decision on your appeal is final.

Doc. 1 at 172.

The supplemental brief alleged ineffective assistance of that appellate counsel based on appellate counsel's failure to raise more than nine claims in Petitioner's direct appeal[1]:

A. Trial counsel provided ineffective assistance by sleeping during trial proceedings.

B. Delay of Petitioner's arraignment violated Petitioner's constitutional right to a Speedy Trial.

C. Prosecutorial and Judicial Misconduct, and Trial Counsel's failure to employ an investigator violated the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution.

I. Investigator Castenada failed to investigate thoroughly. If Investigator Castenada investigated, he withheld exculpatory material evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

II. Trial counsel failed to investigate and secure exculpatory evidence from Petitioner's son, Petitioner's parole officer, and Jesus Godoy.

III. Trial counsel failed to object to Castenada's interview of Robinson.

---

[1] The numbers and letters assigned to each claim reflect Petitioner's designation of that claim in his supplemental brief. Because the Court is not certain whether the unusual designations are intended to convey a meaning not apparent to this Court, this order retains Petitioner's designations.

5

IV. Trial counsel failed to object to Fern's testimony that he had been high on drugs when interviewed by Castenada and that he had been promised leniency for his cooperation with authorities. Trial counsel failed to move to suppress video and photographic evidence. [2]

V. Petitioner's demand to be taken to trial pursuant to California Penal Code § 1381 required that he be tried within ninety days and resulted in a Speedy Trial violation.

VI. Trial counsel failed to object to inflammatory evidence.

VII. Trial counsel failed to call a specific expert for the defense.[3]

*See* Doc. 1 at 175-178.

In support of these claims, Petitioner appended to the supplemental brief:

1. A September 30, 2013, order of the Kern County Superior Court denying a petition for writ of habeas corpus filed by Petitioner prior to sentencing. Petitioner's claims alleged speedy trial violations and ineffective assistance of trial counsel by failing to call favorable witnesses. Doc. 1 at 181-82.

2. An undated two-page motion to dismiss prepared by Petitioner *pro se* in which Petitioner claimed Speedy Trial violations. Doc. 1 at 184-85.

3. A notification of an additional hold on Petitioner concerning charges relating to an unrelated offense. Doc. 1 at 186.

4. Correspondence (dated June 23, 2014) to Petitioner from appellate counsel[4] (a) acknowledging incorporation in the claim of trial counsel's failure to object to the trial court's error of presenting of the wrong instruction on the lesser included offense of false imprisonment; (b) indicating that the evidence was overwhelming, but representing that a detailed statement of facts had been drafted to show the conflicts in the versions of events; (c) stating that no grounds existed for a motion to suppress during trial; (d) confirming that counsel had incorporated "every arguable instance of ineffective assistance of counsel that appears on the record nor inconsistent with the facts" incorporated into the appeal; (e) advising Petitioner that, in counsel's opinion, filing a consolidated petition for writ of habeas corpus lacked merit; and (f) counseling Petition to delay his filing of collateral challenges until he had reviewed the final version of the opening brief on appeal. Doc. 1 at 187.

5. Correspondence (dated July 14, 2014) to Petitioner from appellate counsel addressing multiple claims that Petitioner sought to incorporate into his appeal. Counsel explained the specificity required to allege a claim for relief and questioned the basis for various of Petitioner's assertions. Counsel also explained why Petitioner's requested Speedy Trial claims were legally inaccurate, factually unsupported, or both. Doc. 1 at 188-89.

6. Correspondence (dated August 11, 2014) to Petitioner from appellate counsel in which counsel (a) reported that the Attorney General had requested copies of the *Marsden* hearing transcripts, as counsel had warned would happen if Petitioner challenged the trial court's denial of Petitioner's *Marsden* motion; (b) explaining that Detective Castenada's failure to investigate defense evidence and witnesses did not

---

[2] The supplemental brief does not specify what video or photographic evidence should have been suppressed.
[3] The supplemental brief does not specify what "specific expert" should have been called to testify.
[4] Curiously, Petitioner included multiple exhibits of this type in which compromising information that would otherwise have been protected by the attorney-client privilege were revealed.

6

> constitute a *Brady* violation; (c) explaining that Petitioner's son, Petitioner's probation officer, and Jesus Godoy had no relevant testimony; (d) reminding Petitioner that the firearm possession conviction was not based on the firearm that Petitioner possessed when arrested; (e) explaining why a hearsay objection to Robinson's testimony would have been frivolous; (f) explaining that Fern's testimony that he was high was not a legal basis for excluding photographic and video evidence; and (g) advising Petitioner that appellate counsel would not prepare a habeas petition because she found the claims to be frivolous, but recommending other resources for legal assistance. Doc. 1 at 190-91.

Petitioner does not pursue any of these claims in the petition pending before the state court or in his federal petition. Petitioner contends only that appellate counsel's failure to pursue these claims constituted ineffective assistance of counsel.

### 2. <u>Applicable Standard of Review</u>

The purpose of the Sixth Amendment right to counsel is to ensure that the defendant receives a fair trial. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). "[T]he right to counsel is the right to effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). "The object of an ineffectiveness claim is not to grade counsel's performance." *Strickland*, 466 U.S. at 697. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id*. at 686.

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that his trial counsel's performance "fell below an objective standard of reasonableness" at the time of trial and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 694. The *Strickland* test requires Petitioner to establish two elements: (1) his attorney's representation was deficient and (2) prejudice. Both elements are mixed questions of law and fact. *Id.* at 698. Claims of ineffective assistance of appellate counsel are also evaluated using the *Strickland* analysis. *Smith v. Robbins*, 528 U.S. 259, 285 (2000).

Proving that the attorney's representation was deficient requires the petitioner to identify the acts or omissions that he alleges were not the result of reasonable professional judgment. *Id.* at 690. In a federal habeas action, the district court must then determine whether considering the facts and circumstances as a whole, the identified acts or omissions were outside the range of competent and professional legal assistance. *Id.* "We strongly presume that counsel's conduct was within the wide range of professional assistance, and that he exercised acceptable professional judgment in all significant decisions made." *Hughes v. Borg*, 898 F.2d 695, 702 (9th Cir. 1990).

The standard for reviewing counsel's performance is "highly deferential." *Strickland*, 466 U.S. at 689. "[E]very effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* The petitioner must overcome the presumption that the challenged behavior constituted "sound trial strategy." *Michel v. Louisiana*, 350 U.S. 91, 101 (1955).

The court's analysis must proceed objectively and must affirmatively consider counsel's reasons for proceeding as he did. *Id.* at 196. "There are countless ways to provide effective assistance in any given case." *Strickland*, 466 U.S. at 689. The petitioner bears the heavy burden of overcoming the presumption that the challenged action "might be considered sound trial strategy." *Id.* at 689 (quoting *Michel*, 350 U.S. at 101).

### 3. <u>Counsel Had No Duty to Incorporate Claims Requested by Petitioner</u>

A indigent defendant's right to appellate representation does not include a right to present frivolous arguments to the court. *McCoy v. Court of Appeals of Wisconsin, Dist. 1*, 486 U.S. 429, 436 (1988). Indeed, an attorney is "under an ethical obligation to refuse to prosecute a frivolous appeal." *Id.* Further, no U.S. Supreme Court decision suggests "that the indigent defendant has a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." *Jones v. Barnes*, 463 U.S. 745, 751 (1983).

"[I]n holding that a State must provide counsel for an indigent appellant on his first appeal as of right," the Supreme Court "recognized the superior ability of trained counsel in the 'examination into the record, the research of the law, and marshalling of arguments on [the appellant's] behalf.'" *Id.* at 751 (quoting *Douglas v. California*, 372 U.S. 353, 358 (1963)). To "impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the very goal of vigorous and effective advocacy that underlies" the requirement that "an appointed attorney must advocate his client's cause vigorously and may not withdraw from a nonfrivolous appeal." *Jones*, 463 U.S. at 749, 754 (quoting *Anders v. California*, 386 U.S. 738 (1967)).

A hallmark of effective appellate advocacy is counsel's ability to omit weaker issues on appeal. *Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir. 1989). "There can hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review." *Jones*, 463 U.S. at 752. Appellate counsel cannot be found ineffective for failing to raise an argument that would not have been successful. *Morrison v. Estelle*, 981 F.2d 425, 429 (9th Cir. 1992).

Nor is appellate counsel required to advance a claim that would detract from the effectiveness of stronger claims. In *Smith v. Robbins*, 528 U.S. 259, 288 (2000), the Supreme Court endorsed the analysis suggested by the Seventh Circuit in *Gray v. Greer*:

> When a claim of ineffective assistance of counsel is based on failure to raise viable issues, the district court must examine the trial court record to determine whether appellate counsel failed to present significant and obvious issues in appeal. Significant issues which could have been raised should then be compared to those which were raised. Generally, only when ignored issues are clearly stronger that those presented, will the presumption of effective assistance of counsel be overcome.
>
> 800 F.2d 644, 646 (7th Cir. 1986).

In determining whether an attorney's appellate assistance was ineffective, a court must

make "every effort . . . to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Strickland*, 466 U.S. at 689).

The correspondence from Petitioner's appellate counsel reflects both of counsel's responsibilities in representing an appellant. Counsel reasonably declined to pursue Petitioner's proposed claims that were frivolous, unsupported by the facts of the case, or unsound under applicable law. Counsel also carefully explained her strategy in identifying and pursuing viable claims. Petitioner provides no basis for a court to set aside the presumption that appellate counsel's strategy was sound. Because the federal Constitution requires nothing more, a claim that Petitioner's appellate counsel provided ineffective assistance lacks merit.

## V. **Petitioner Does Not Demonstrtate Good Cause for his Failure to Pursue Habeas Relief**

Even if the claim of ineffective assistance of appellate counsel were viable, Petitioner has not demonstrated good cause for his undue delay in pursuing that claim through a state habeas petition. In fact, the documentary evidence submitted with the petition supports the opposite proposition. During counsel's preparation of Petitioner's direct appeal, Petitioner expressed strong opinions about the issues that he wanted pursued on appeal. Although appellate counsel rejected some of these claims as frivolous or lacking suitable legal or factual basis, she recommended that Petitioner pursue certain claims in a collateral action after he had the opportunity to review the opening brief on direct appeal. Although appellate counsel filed the opening brief on July 2, 2014, Petitioner did not file the state habeas petition until March 1, 2017 -- more than two and one-half years later.

Petitioner provides no explanation for the delay, but contends only in vague language that his failure to exhaust his federal habeas claims resulted from (1) his status as a state prisoner

unfamiliar with the law and (2) his need to conduct an investigation to discover the factual basis for his claims. In the course of the disagreement regarding claims to be included in Petitioner's direct appeal, Petitioner prepared and attempted to file a supplemental brief setting forth the supplemental claims he sought to pursue. The motion provides no specific explanation of what further investigation Petitioner needed to identify the factual basis for his claims. To the extent that Petitioner intends to tie the delay to his decision to pursue only a claim of ineffective assistance of appellate counsel, Petitioner was well aware of his differences with appellate counsel even before appellate counsel filed the direct appeal. Further, appellate counsel's correspondence appended to the federal petition specifically encouraged Petitioner to delay filing his habeas claims only until he had an opportunity to review the opening brief in the direct appeal.

Petitioner's unexplained delay in pursuing collateral remedies weighs against the Court's granting a stay to permit exhaustion.

## VII. Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)  (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>     (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B)  the final order in a proceeding under section 2255.

(2)  A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3)  The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find the Court's determination that Petitioner is not entitled to a stay to permit exhaustion of his claim of ineffective assistance of appellate counsel to be debatable or wrong, or conclude that the matter requires further adjudication.  Accordingly, the Court declines to issue a certificate of appealability regarding its denial of a stay of the petition as to ground four for habeas relief.

### VI.     Conclusion and Recommendation

The undersigned recommends that the Court deny the motion for a stay of proceedings to permit Petitioner to exhaust ground four of his federal habeas petition and decline to issue a certificate of appealability.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1).  Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations." Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections. The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 10, 2017**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE