# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR CASILLAS,<br><br>　　　　Petitioner,<br><br>　v.<br><br>SECRETARY OF CORRECTIONS,<br><br>　　　　Respondent. | Case No. 1:17-cv-00511-LJO-SKO HC<br><br>ORDER DISMISSING THE FIRST AMENDED PETITION AS A MIXED PETITION AND GRANTING PETITIONER LEAVE TO AMEND<br><br>(Docs. 15 and 16)<br><br>**RESPONSE REQUIRED WITHIN 21 DAYS** |

Petitioner Omar Casillas is a state prisoner who seeks to proceed with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Because the petition, as originally filed on April 5, 2017, included an unexhausted claim, Petitioner simultaneously moved for an order of stay and abeyance to permit him to exhaust that claim in state court.

## I.　　Denial of First Motion for Stay and Abeyance

The Court referred the petition and the motion for stay and abeyance to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304. On May 11, 2017, the Magistrate Judge filed findings and recommendations that the Court deny the motion for stay and abeyance. The Magistrate Judge first found that the state court had already addressed the petition's first three claims in Petitioner's direct appeal, rendering those claims exhausted. Only the fourth

claim, which alleged ineffective assistance of appellate counsel, was unexhausted. Because Petitioner failed to establish good cause for his failure to exhaust and because the fourth claim lacked merit, the Magistrate Judge recommended that the Court deny the motion for stay and abeyance as to ground four.

On June 12, 2017, Petitioner filed objections in which he sought to establish that a motion for stay and abeyance was timely. The objections did not address the Magistrate Judge's recommendation that granting the motion for stay and abeyance would be inappropriate in light of ground four's lack of merit.

After reviewing the record as a whole and Petitioner's objections, the District Court adopted the findings and recommendations on June 22, 2017. The order denied the requested order of stay and abeyance but provided:

> 3. Within thirty (30) days of this order, Petitioner may file an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, including only the first three grounds for relief alleged in the petitioner filed April 5, 2017 (Doc. 1). The amended petition shall not include the unexhausted fourth ground for relief alleging ineffective assistance of appellate counsel.

Doc. 15 at 2.

## II. Failure to Comply With Court Order

Petitioner filed an amended petition on July 24, 2017; however, the petition did not comply with paragraph 3 of the June 22, 2017, order. Instead, Petitioner first combined the first three grounds of the original petition into a single revised ground for relief that incorporated additional allegations of ineffective assistance of counsel and then added additional unexhausted grounds: (1) prosecutorial misconduct; (2) a Confrontation Clause violation (*Crawford v. Washington*, 541 U.S. 36, 59 (2004)); and (3) cumulative error. The amended petition also seeks an order of stay and abeyance to permit Petitioner to exhaust the new claims in state court. As filed with the Court, the amended petition does not comply with June 22, 2017, order.

2

The Court has discretion to impose any and all sanctions authorized by statute or rule or within the inherent power of the Court, including dismissing the action, based on a petitioner's failure to comply with a court order.  F.R.Civ.P. 11; Local R. 110.  Thus, the Court may dismiss the amended petition for failure to comply with a Court order.

### III.     The Amended Petition is a Mixed Petition

If the Court declines to dismiss the amended petition for failure to comply with a Court order, it must acknowledge that the amended petition is a mixed petition consisting of exhausted and unexhausted claims, and consider Petitioner's second request for an order of stay and abeyance under either *Rhines v. Weber*, 544 U.S. 269, 275 (2005), or *Kelly v. Small*, 315 F.3d 1063, 1070-71 (9th Cir. 2003).

#### A.     Exhaustion of State Remedies

As previously articulated in the May 11, 2017, findings and recommendations, a petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Buffalo v. Sunn*, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court.  *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996).  A federal district court may not address a petition for writ of habeas corpus unless the petitioner has exhausted state remedies with respect to each claim raised.  *Rose*, 455 U.S. at 515.  A petition is fully exhausted when the highest state court has had a

full and fair opportunity to consider all claims before the petitioner presents them to the federal court. *Picard*, 404 U.S. at 276.

Federal district courts should stay mixed petitions only in limited circumstances. *Id.* at 277. A district court may stay a mixed petition if (1) the petitioner demonstrates good cause for failing to have first exhausted all claims in state court; (2) the claims potentially have merit; and (3) petitioner has not been dilatory in pursuing the litigation. *Rhines*, 544 U.S. at 277-78.

In the alternative, a court may stay a mixed petition if (1) the petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner to proceed to exhaust the deleted claims in state court; and (3) petitioner later amends his petition and reattaches the newly exhausted claims to the original petition. *Kelly*, 315 F.3d at 1070-71. The *Kelly* procedure is riskier than the *Rhines* procedure since it does not protect the petitioner's unexhausted claims from expiring during the stay. *King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009). Despite the risk of the unexhausted claims becoming time-barred in the course of the *Kelly* procedure, a petitioner may elect to use that alternative since it does not require him to demonstrate good cause as *Rhines* does. *King*, 564 F.3d at 1140. The amended petition requests that the Court grant an order of stay and abeyance under either *Rhines* or *Kelly*.

### B.     No Good Cause for Delay

In declining to grant Petitioner's first motion for stay and abeyance, the Court held that Petitioner failed to demonstrate good cause for his undue delay in pursuing the unexhausted claims through a state habeas petition. Nothing in the amended petition provides a basis for reconsideration of the Court's determination that no good cause supported Petitioner's delay in pursuing his state remedies. As a result, the Court is unable to grant an order of stay and abeyance under *Rhines*.

### C. The New Unexhausted Claims Are Barred by the Statute of Limitations

Granting an order of stay and abeyance pursuant to *Kelly* would be futile. Because the judgment in this case became final on May 18, 2016, the one-year statute of limitations ended on May 18, 2017. 28 U.S.C. § 2244(d). The new unexhausted claims are already barred by the statute of limitations.

### IV. Extension of Time to Amend Petition

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Accordingly, the Court will afford Petitioner an additional opportunity to file an amended complaint in compliance with the directive of the June 22, 2017, order. *See* Doc. 15 at 2.

### V. Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>   (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

5

(3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find the Court's determination that Petitioner is not entitled to a stay to permit exhaustion of his claim of ineffective assistance of appellate counsel to be debatable or wrong, or conclude that the matter requires further adjudication. Accordingly, the Court declines to issue a certificate of appealability regarding its denial of a stay of the petition as to ground four for habeas relief.

## VI. Conclusion and Order

It is hereby ORDERED:

1. The first amended petition, filed July 24, 2017, is dismissed as a mixed petition;

2. Petitioner's second motion for stay and abeyance seeking relief under either *Rhines v. Weber*, 544 U.S. 269, 275 (2005), or *Kelly v. Small*, 315 F.3d 1063, 1070-71 (9th Cir. 2003), is denied;

3. **Within 21 days of this order**, Petitioner may file a second amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, including only the first three grounds for relief alleged in the petition filed April 5, 2017 (Doc. 1). The second amended petition shall not include any unexhausted ground alleged in the original or

first amended complaint or any other new or additional claims.

4. Petitioner shall sign the second amended petition under penalty of perjury where indicated.

5. The second amended petition must be complete in itself. This means that the amended petition may not refer back to any portion of any petition previously filed in this case but must include all pleadings and any appendices which Petitioner intends to incorporate within the second amended petition.

6. **If Petitioner fails to file a second amended petition within 21 days from the date of this order, the Court will recommend that case be dismissed for lack of prosecution.**

7. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:  **July 26, 2017**                              /s/ *Sheila K. Oberto*
                                                               UNITED STATES MAGISTRATE JUDGE