# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR CASILLAS,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF CORRECTIONS,<br><br>Respondent. | Case No. 1:17-cv-00511-LJO-SKO HC<br><br>ORDER GRANTING THIRD MOTION FOR STAY AND ABEYANCE<br><br>(Doc. 19) |

Petitioner Omar Casillas, a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, has filed a third motion for stay and abeyance.[1] Petitioner contends that the Court erred in concluding that the three unexhausted grounds added to the first amended petition were barred by the statute of limitations. Petitioner is correct. In reviewing the motion, the Court recognizes, for the first time, that Petitioner had filed a state petition in sufficient time to toll the statute of limitations.

## I.  Procedural and Factual Background [2]

On August 27, 2013, a Kern County jury convicted Petitioner of crimes including attempted murder (Cal. Penal Code §§ 664 and 187), false imprisonment (Cal. Penal Code § 236), assault with a semi-automatic firearm (Cal. Penal Code § 245(a)), and unlawful possession of a firearm and

---

[1] The second motion for stay and abeyance in included within the first amended petition for writ of habeas corpus filed July 24, 2017.
[2] The procedural and factual background are derived from the record.

1

ammunition (Cal. Penal Code §§ 29800(a)(1) and 30305(a)(1)), as well as at least one weapons enhancement (Cal. Penal Code § 12022.53(c)). On October 25, 2013, the Kern County Superior Court sentenced Petitioner to 29 years in prison.

Represented by appointed counsel, Petitioner filed a direct appeal to the California Court of Appeal. On October 14, 2014, Petitioner personally attempted to file a document entitled "Appellant's Supplemental Opening Brief" in the then-pending appeal. The appellate court clerk declined filing since Petitioner was then represented by counsel. As discussed in detail in the findings and recommendation that the District Court deny the first motion for stay and abeyance (Doc. 11), Petitioner's appellate counsel declined to include in the direct appeal nine claims that Petitioner sought to include. Counsel explained in detail her reasons for omitting the requested claims (claims were frivolous or lacking in a legal or factual basis) and advised Petitioner that he could include those claims in a habeas petition. Counsel suggested that Petitioner file the petition only after he had reviewed the opening brief in his direct appeal. Petitioner did not file a state habeas petition at that time.

The California Court of Appeal affirmed the conviction on December 10, 2015. On February 17, 2016, the California Supreme Court denied review.

On April 5, 2017, Petitioner filed a federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition alleged two claims of ineffective assistance of trial counsel, one claim of trial court error in failing to appoint counsel to represent Petitioner in his new trial motion, and one claim of ineffective assistance of appellate counsel. None of these claims were alleged in specific terms. Claims one, two, and four stated only: "Ineffective assistance of [trial or appellate] counsel, within the meaning of the 5th, 6th, and 14th Amendment[s] to the U.S. Constitution."

On the same date, Petitioner filed his first motion for stay and abeyance, specifically requesting that the Court grant a stay pursuant to *Rhines v. Weber*, 544 U.S. 269, 275 (2005). In

findings and recommendations dated May 11, 2017, the Magistrate Judge recommended that the District Court decline stay and abeyance. The Magistrate Judge found that the first three grounds for relief had been exhausted in Petitioner's direct appeal. Her analysis of applicable law concluded that ground four, which was the sole unexhausted ground for relief, lacked merit because (1) Petitioner had no federal constitutional right to counsel for preparation of a habeas petition; (2) the Sixth Amendment to the United States Constitution did not require appellate counsel to incorporate the nine claims suggested by Petitioner; and (3) Petitioner has not established good cause for his delay in pursuing habeas relief. On June 12, 2017, as permitted by the findings and recommendations, Petitioner filed objections to the findings and recommendations in which he sough to establish the timeliness of his motion for stay and abeyance. On June 22, 2017, the District Court adopted the Findings and Recommendations in full, denying the motion for stay and abeyance and granting Petitioner thirty days in which to submit an amended petition including only the first three grounds for relief.

On July 24, 2017, Petitioner filed a first amended petition in which he combined the first three (exhausted) grounds of the original petition into a single ground and added three additional grounds: (1) prosecutorial misconduct; (2) a Confrontation Clause violation (*Crawford v. Washington*, 541 U.S. 36, 59 (2004)); and (3) cumulative error. The amended petition included a second motion for stay and abeyance. The amended petition did not comply with the terms of the Court's leave to amend the petition in its June 22, 2017, order, and added three new unexhausted grounds. As a result, the amended petition was also a mixed petition. The Magistrate Judge denied the motion for stay and abeyance, and dismissed the amended petition for failure to comply with the June 22, 2017 order, but provided that Petitioner could file a second amended petition complying with the June 22, 2017 order within 21 days.

///

On August 7, 2017, Petitioner filed a third motion for stay and abeyance, contending that the additional unexhausted grounds were timely in that they were filed and pending in the California state courts before the expiration of the statute of limitations. Petitioner explained that on March 1, 2017, he filed a petition for writ of habeas corpus, including the three unexhausted claims alleged in the first amended federal petition, in Kern County Superior Court, which denied the petition on April 24, 2017. On June 5, 2017, Petitioner filed a petition in the California Court of Appeal, which summarily denied the petition on June 29, 2017. On July 10, 2017, Petitioner filed a habeas petition which remains pending in the California Supreme Court.

## II. Statute of Limitations Tolled During State Postconviction Proceedings

On February 17, 2016, the California Supreme Court denied review in the direct appeal. Judgment in the case became final on May 18, 2016. Thus, the one-year statute of limitations would have ended on May 18, 2017. 28 U.S.C. § 2244(d). Because Petitioner filed the petition seeking state habeas relief before the federal statute of limitations had run, however, running of the federal limitations period is tolled during the pendency of state habeas proceedings. *See* 28 U.S.C. § 2244(d)(2). As a result, the three claims added in the first amended petition are not barred by the statute of limitations.

## III. Standards for Granting an Order of Stay and Abeyance

A federal district court may not address a petition for writ of habeas corpus unless the petitioner has exhausted state remedies with respect to each claim raised. *Rose v. Lundy*, 455 U.S. 509, 515 (1982). A petition is fully exhausted when the highest state court has had a full and fair opportunity to consider all claims before the petitioner presents them to the federal court. *Picard v. Connor*, 404 U.S. 270, 276 (1971). "[P]etitioners who come to federal courts with 'mixed' petitions run the risk of forever losing their opportunity for federal review of the unexhausted claims.

///

4

*Rhines*, 544 U.S. at 275.  Because all claims alleged in the first amended petition are not exhausted, it is a mixed petition.

Federal district courts should stay mixed petitions only in limited circumstances.  *Id.* at 277. A district court may stay a mixed petition if (1) the petitioner demonstrates good cause for failing to have first exhausted all claims in state court; (2) the claims potentially have merit; and (3) petitioner has not been dilatory in pursuing the litigation.  *Id.* at 277-78.

In the alternative, a court may stay a mixed petition if (1) the petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner to proceed to exhaust the deleted claims in state court; and (3) petitioner later amends his petition and reattaches the newly exhausted claims to the original petition.  *Kelly v. Small*, 315 F.3d 1063, 1070-71 (9th Cir. 2003), overruled on other grounds, *Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007).  The *Kelly* procedure is riskier than the *Rhines* procedure since it does not protect the petitioner's unexhausted claims from expiring during the stay.  *King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009).  Despite the risk of the unexhausted claims becoming time-barred in the course of the *Kelly* procedure, a petitioner may elect to use that alternative since it does not require him to demonstrate good cause as *Rhines* does.  *King*, 564 F.3d at 1140.

Petitioner's first motion for stay and abeyance specifically requested a stay pursuant to *Rhines*.  In rejecting the first motion, the Court found that Petitioner had not demonstrated good cause for his undue delay in pursuing that claim through a state habeas petition.  Petitioner has presented no evidence to persuade the Court to change its finding.  Accordingly, the Court will grant Petitioner an order of stay and abeyance pursuant to *Kelly*.

Petitioner has already filed a second amended petition omitting the unexhausted claims. Doc. 20.  Accordingly, as prescribed by the *Kelly* procedure, the Court will stay proceedings and

hold the petition in abeyance until the California Supreme Court has issued its determination in the state petition now pending before it. At that time, Petitioner may again amend the petition to reinstate the unexhausted claims.

**IV.    Conclusion and Order**

Based on the foregoing, the Court hereby ORDERS as follows:

1. Petitioner's motion for stay and abeyance pursuant to *Kelly v. Small*, 315 F.3d 1063, 1070-71 (9th Cir. 2003), to permit exhaustion of the three unexhausted claims included alleged in the first amended petition, is GRANTED.

2. Petitioner is DIRECTED to file a status report within thirty (30) days of the date of this Order advising the Court of the status of the state court proceedings.

3. Petitioner shall file an additional status report every ninety (90) days thereafter.

4. Within thirty (30) days after the California Supreme Court issues a final order resolving the unexhausted claims, Petitioner shall file a motion to lift the stay and an amended habeas petition including all exhausted claims. The Court shall then screen the petition pursuant to the Rules Governing Section 2254 Cases.

5. If Petitioner fails to comply with this Order, the Court will vacate the stay, *nunc pro tunc* to the date of this Order, and dismiss the petition without prejudice for failure to exhaust all claims but with leave to file an amended petition. *See Anthony v. Cambra*, 236 F.3d 568, 574 (9th Cir. 2000). Such dismissal may render the petition untimely in light of the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA").

IT IS SO ORDERED.

Dated:    **August 22, 2017**                         /s/ *Sheila K. Oberto*
                                                             UNITED STATES MAGISTRATE JUDGE