UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR CASILLAS,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF CORRECTIONS,<br><br>Respondent. | No. 1:17-cv-00511-LJO-SKO HC<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY RESPONDENT'S MOTION TO DISMISS**<br><br>**(Doc. 40)** |

Petitioner, Omar Casillas, is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent moves to dismiss the petition as untimely. The undersigned finds the petition is timely and recommends that the Court deny Respondent's motion to dismiss.

**I.    Procedural Background**

At the conclusion of a jury trial, Petitioner was convicted of attempted murder (Cal. Penal Code §§ 664, 187(a)), assault with a semiautomatic firearm (Cal. Penal Code §245(b)), being a felon in possession of a firearm (Cal. Penal Code §29800(a)(1)), being a felon in possession of ammunition (Cal. Penal Code § 30305(a)(1)), and felony false imprisonment (Cal. Penal Code § 236). (Lodged Doc. 1 at 1.) Petitioner was sentenced to a total state prison term of 29 years. *Id.*

1

On December 10, 2015, the California Court of Appeal affirmed the judgment. (Lodged Doc. 1.) The California Supreme Court denied review on February 17, 2016. (Lodged Doc. 3.)

Petitioner filed two petitions for writ of habeas corpus with the state court. On February 27, 2017, Petitioner filed his first petition for writ of habeas corpus with the Kern County Superior Court, which was denied on April 24, 2017. (Lodged Docs. 4, 5.)

Before filing his second state habeas petition, Petitioner filed several motions. On May 4, 2017, Petitioner filed a "Notice and Request for Ruling" in Kern County Superior Court, which was denied on May 18, 2017. (Lodged Docs. 6, 7.) On June 5, 2017, Petitioner filed an "Application for Order Directing Trial Counsel to Furnish Trial Files to Appellant, Defendant" with the California Court of Appeal, which was denied for lack of jurisdiction on June 29, 2017. (Lodged Docs. 8, 9.)

On July 6, 2017, Petitioner filed his second petition for writ of habeas corpus with the California Supreme Court, which was denied on November 29, 2017. (Lodged Docs. 10, 11.)

On April 5, 2017, Petitioner filed his petition for writ of habeas corpus with this Court. (Doc. 1.) On August 23, 2017, the Court granted Petitioner's motion to stay and abey proceedings, to allow Petitioner to exhaust all of his claims in state court. (Doc. 21.) On December 22, 2017, Petitioner filed his third amended petition for writ of habeas corpus, as well as a motion to lift the stay. (Docs. 24, 30.) The Court lifted the stay on December 28, 2017. (Doc. 26.) On March 16, 2018, Respondent moved to dismiss the petition as untimely. (Doc. 40.) Petitioner filed a response to the motion to dismiss on May 10, 2018. (Doc. 44.)

## II. Petitioner's Limitations Period

### A. Standard of Review

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.

2

*Lindh v. Murphy*, 521 U.S. 320, 327 (1997). AEDPA provides a one-year period of limitation in which a petitioner may file a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period is measured from the latest of:

> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing a State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The limitations period is tolled during the time that a "properly filed" application for review is in state court. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.")

Here, direct review in the State of California ended on February 17, 2016, when the California Supreme Court denied review. The federal statutory limitations period began on May 17, 2016, following the expiration of the 90-day period to file a petition for writ of certiorari in the United States Supreme Court. Accordingly, the one-year statutory limitations period expired on May 17, 2017. Petitioner filed his original petition for writ of habeas corpus with this court on July 20, 2017; unless Petitioner is entitled to statutory or equitable tolling, the petition is untimely.

**B. Petitioner's Petition is Timely**

The limitations period is not tolled from the time the state court issues a final decision on direct appeal to the time the first state collateral challenge is filed, because there is no case

3

"pending" in state court during this interval. *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010) (citing *Rasberry v. Garcia*, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006)). Here, direct review became final on February 17, 2016, and Petitioner filed his first state post-conviction collateral action on February 27, 2017.

Once a petitioner properly files a petition for state post-conviction relief, the limitations period is tolled and remains tolled for the time the petition is "pending." § 2244(d)(2). A petition is "'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Petitioner filed his first petition for writ of habeas corpus on February 27, 2017, and it was denied on April 24, 2017. Respondent agrees that the first petition was "properly filed." Therefore, the limitations period was tolled for 56 days and extended from May 17, 2017 to July 12, 2017.

After Petitioner's first petition for writ of habeas corpus was denied by the Kern County Superior Court, he filed two motions in state court. On May 4, 2017, Petitioner filed a "Notice and Request for Ruling" in accordance with California Rules of Court 4.551(a)(3)(B).[1] (Lodged Doc. 6.) In the motion, Petitioner requested the Kern County Superior Court rule on two supplemental motions Petitioner filed with his petition for writ of habeas corpus: (1) Motion for Production of Transcripts and (2) Order Directing Trial Counsel to Provide Files and Records. *Id*. On May 18, 2017, the Kern County Superior Court denied Petitioner's motion, finding the court denied the supplemental motions at the same time it denied Petitioner's petition for writ of habeas corpus on April 24, 2017. (Lodged Doc. 7.)

//

---

[1] Pursuant to California Rule of Court 4.551(a)(3)(B), "[i]f the court fails to rule on the petition within 60 days of its filing, the petitioner may file a notice and request for ruling."

4

On June 5, 2017, Petitioner filed an "Application for Order Directing Trial Counsel to Furnish Trial Files to Appellant, Defendant" with the California Court of Appeal. (Lodged Doc. 8.) The motion requested the court direct Petitioner's trial counsel to send his trial files. *Id*. On June 29, 2017, the Court denied the request, finding it lacked jurisdiction to act upon the motion. (Lodged Doc. 9.)

Both the motion filed with the Kern County Superior Court on May 4, 2017, and the motion filed with the California Court of Appeal on June 5, 2017, were discovery motions, in that Petitioner sought transcripts or records. These discovery motions did not toll Petitioner's limitations period, because they "'did not challenge his conviction,' but simply 'sought material he claimed might be of help' in later state proceedings." *Ramirez v. Yates*, 571 F.3d 993, 999-1000 (9th Cir. 2009) (quoting *Hodge v. Greiner*, 269 F.3d 104, 107 (2d Cir. 2001)). In finding that discovery motions do not toll the limitations period, the Ninth Circuit agreed with the Second Circuit "that 'if a filing of that sort could toll the AEDPA limitations period, prisoners could substantially extend the time for filing federal habeas petitions by pursuing in state courts a variety of applications that do not challenge the validity of their convictions.'" *Id*. Consequently, Petitioner's two discovery motions did not toll the limitations period.

Petitioner filed his second petition for writ of habeas corpus with the California Supreme Court on July 6, 2017—74 days after his first petition for writ of habeas corpus was denied by the Kern County Superior Court. In California, a "properly filed" petition is also considered "pending" during the intervals between a lower court decision and the filing of a new petition in a higher court, so long as the second petition is filed within a "reasonable time" after the denial of the first petition. *Carey v. Saffold*, 536 U.S. 214, 221 (2002). Therefore, a petitioner is entitled to statutory tolling "not only for the time that his petitions were actually under consideration, but also for the intervals between filings, while he worked his way up the ladder." *Biggs v. Duncan*, 339 F.3d 1045, 1048

5

(9th Cir. 2003) (citing *Carey*, 536 U.S. at 223) (The tolling rule "modifies the 1-year filing rule (a rule that prevents prisoners from delaying their federal filing) in order to give States the opportunity to complete one full round of review, free of federal interference.").

Respondent contends Petitioner is not entitled to statutory tolling during the interval between Kern County Superior Court's denial and his filing in the California Supreme Court, because 74 days elapsed. The Court must determine whether Petitioner is entitled to "gap tolling" for the period between the Superior Court's denial and Petitioner's subsequent filing in the California Supreme Court. *See Evans v. Chavis*, 549 U.S. 189, 198 (2006) ("the federal court must decide whether the filing of the request for state court appellate review (in state collateral review proceedings) was made within what California would consider a 'reasonable time.'").

In *Evans*, the Supreme Court recognized that California does not have strict time deadlines to file a habeas petition at the next appellate level; however, the Court noted that most states provide for a period of 30 to 60 days within which to timely file a petition at the next appellate level. *Id*. at 201. There appears to be consensus in California that a delay of sixty days or less is per se reasonable, but a delay "substantially" longer than sixty days is not reasonable. *Sok v. Substance Abuse Training Facility*, No. 1:11-cv-00284-JLT HC, 2011 WL 3648474 at *5 (E.D. Cal. Aug. 17, 2011) (collecting cases).

Here, Petitioner delayed 74 days before filing his petition with the California Supreme Court. However, some courts have found a longer delay reasonable when a petition is substantially rewritten. *Id*. (citing *Osumi v. Giurbino*, 445 F. Supp. 2d 1152, 1158-59 (C.D. Cal. 2006) (3 month delay not unreasonable given lengthy appellate briefs and petitioner's substantial re-writing of habeas petition following denial by superior court); *Stowers v. Evans*, No. CIVS05-2067 MCE GGH P, 2006 WL 829140 (E.D. Cal. Mar. 29, 2006) (87 day delay not unreasonable because second petition was substantially re-written); *Warburton v. Walker*, 548 F. Supp. 2d 835, 840 (C.D. Cal.

6

2008) (69 day delay reasonable because Petitioner amended petition before filing in Court of Appeal)).

Although Petitioner delayed 74 days between the denial of his petition in the Superior Court and filing a new petition with the Supreme Court, Petitioner substantially re-wrote his petition. The habeas petition Petitioner filed in the Superior Court was approximately 33 pages. (Lodged. Doc. 4.) By contrast, the petition he filed 74 days later in the Supreme Court was approximately 135 pages. (Lodged Doc. 10.) Based on his substantial re-writing of the petition, Petitioner did not unreasonably delay filing his habeas petition, and he is entitled to statutory tolling between April 24, 2017, and July 6, 2017. Therefore, the limitations period was tolled for 74 days and extended from July 12, 2017, to September 24, 2017.

Respondent argues the second petition for writ of habeas corpus fails to toll the limitations period, because the petition was untimely. (Doc. 40 at 12-14.) However, because the Court determined the petition was not untimely, and it was properly filed, the limitations period was tolled and remained tolled for the time the second petition was "pending." § 2244(d)(2). Petitioner filed the second petition on July 6, 2017, and it was denied 146 days later. Consequently, the limitations period was extended from September 24, 2017, to February 17, 2018.

Petitioner filed his third amended petition for writ of habeas corpus on December 22, 2017; therefore, the petition was timely. Because Petitioner's third amended petition for writ of habeas corpus was timely, the Court recommends denying Respondent's motion to dismiss.

### III. <u>Conclusion and Recommendations</u>

The undersigned recommends that the Court deny Respondent's motion to dismiss, because Petitioner's petition was filed within the statutory limitations period.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days**

7

after being served with these Findings and Recommendations, either party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections. The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 15, 2018**                    /s/ *Sheila K. Oberto*
                                            UNITED STATES MAGISTRATE JUDGE